UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE PAUL SANCHEZ BARRIOS,

      Petitioner,

    v.

Case No. 2:26-cv-1013-KCD-DNF

PRESIDENT DONALD J. TRUMP,
WARDEN MATTHEW MORDANT,
ACTING DIRECTOR TODD M.
LYONS, ACTING
COMMISSIONER PETE R.
FLORES, SECRETARY
MARKWAYNE MULLIN, US
ATTORNEY GENERAL PAMELA
BONDI, FIELD OFFICE
DIRECTOR GARRETT J. RIPA,

      Respondents.

_____/

## **ORDER**

Petitioner Jose Paul Sanchos Barrios is a citizen of Venezuela. He was apprehended while entering the United States at the southern border in 2021, and an immigration officer denied him admission. He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 7.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Barrios, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Barrios falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Barrios seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Barrios is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Barrios with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Barrios also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Barrios with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on June 3, 2026.

Kyle C. Dudek
United States District Judge

3